# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANDREW CORRADO and KELLY CORRADO,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>**CITY OF PORTLAND, a municipal subdivision of the State of Oregon; JOHN DOE OFFICERS 1 AND 2**,<br><br>　　　　Defendants.<br><br>and<br><br>**CITY OF PORTLAND,**<br><br>　　　　Third-Party Plaintiff,<br><br>　v.<br><br>**JONATHAN T. RANCE,**<br><br>　　　　Third-Party Defendant. | Case No. 3:19-cv-01095-SB<br><br>**ORDER** |

**IMMERGUT, District Judge.**

　　On February 28, 2020, Magistrate Judge Stacie F. Beckerman issued her Findings and

Recommendation ("F&R"), recommending that this Court grant the motion to dismiss filed by

PAGE 1 – ORDER

the City of Portland ("City") and dismiss without prejudice the counterclaim filed by third-party defendant Jonathan T. Rance ("Rance") for lack of subject-matter jurisdiction. ECF 43. No party filed objections.

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

Although no party filed objections, this Court has reviewed the legal issues in the F&R and adopts it in full. ECF 43. The City's motion to dismiss, ECF 26, is GRANTED for lack of subject-matter jurisdiction.[1] Rance's counterclaim against the City, ECF 21,[2] is DISMISSED without prejudice and with leave to amend.

---

[1] Although there is some question whether the notice requirement under the Oregon Tort Claims Act is jurisdictional, *see Comcast of Or. II, Inc. v. City of Eugene*, 211 Or. App. 573, 580 n.4 (2007), *aff'd on other grounds*, 346 Or. 238 (2009), that issue would not change the outcome here because failure to plead notice would also require dismissal under Fed. R. Civ. P. 12(b)(6).

[2] The F&R cites Rance's original answer, ECF 19. ECF 43 at 2. However, Rance filed an amended pleading, ECF 21, within the time allowed. *See* Fed. R. Civ. P. 15(a)(1)(A). In the amended answer, Rance does not plead that he provided timely notice to the City. *See* ECF 21 at 6–7.

**IT IS SO ORDERED**.

DATED this 25th day of March, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge