IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLY CORRADO,

               Plaintiff,

     v.

CITY OF PORTLAND, a municipal
subdivision of the State of Oregon,

               Defendant.

Case No. 3:19-cv-01095-SB

**FINDINGS AND
RECOMMENDATION**

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Kelly Corrado ("Corrado") filed this action against the City of Portland (the "City") in federal court on July 16, 2019.[1] (ECF No. 1.) Corrado initially alleged Fourteenth Amendment and state law negligence claims after Corrado was assaulted by Jonathan Rance ("Rance") at Poet's Beach on July 25, 2017. (*Id.*) This Court had jurisdiction over Corrado's claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

///

---

[1] The original complaint included a second plaintiff, Andrew Corrado, as well as defendants John Doe Officers 1 and 2 (ECF No. 1), none of whom remained as parties in Corrado's second amended complaint.

PAGE 1 – FINDINGS AND RECOMMENDATION

On October 10, 2019, the City filed a third-party complaint against Rance, alleging claims for assault, battery, negligence, indemnity, and contribution. (ECF No. 13.) On November 13, 2019, in response to the City's third-party complaint, Rance asserted counterclaims against the City and Corrado. (ECF No. 19.) On March 25, 2020, a district judge granted the City's motion to dismiss Rance's counterclaim against the City. (ECF No. 45.) Corrado did not move to dismiss Rance's counterclaims, which remain pending.

On November 12, 2020, Corrado filed a first amended complaint, again alleging both a federal constitutional and a state law claim. (ECF No. 54.) On June 17, 2021, Corrado filed a second amended complaint, voluntarily dismissing her federal claim and alleging only a state negligence claim. (ECF No. 74.) On November 18, 2021, the Court ordered Corrado to show cause why the Court should not dismiss this action for lack of subject matter jurisdiction. (ECF No. 96.) In response, Corrado filed a motion to continue the Court's supplemental jurisdiction. (ECF No. 97.)

For the reasons discussed herein, the Court recommends that the district judge dismiss this case for lack of federal subject matter jurisdiction.

## ANALYSIS

## I.     SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction. U.S. CONST. art. III, § 2. A federal court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court must dismiss any case over which it lacks subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

Even where no party objects to a federal court's jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and

PAGE 2 – FINDINGS AND RECOMMENDATION

therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) ("[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.") (citation omitted).

## II.    DISCUSSION

The Court finds that it no longer has subject matter jurisdiction over this case, and that it lacks authority to exercise supplemental jurisdiction over the remaining state claims.

### A.    Corrado's Negligence Claim Against the City

Corrado asks the Court to exercise supplemental jurisdiction over the state claims that remain pending in this case. (*See* ECF No. 97.)

It is well settled that the Court may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367. The Court also agrees with Corrado that courts usually have discretion to exercise supplemental jurisdiction after resolving any federal claims and only state claims remain. *See Arbaugh*, 546 U.S. at 501 (finding that "when a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction, pursuant to § 1367, over pendent state-law claims"); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").

However, the question presented here is whether the Court has the authority to exercise supplemental jurisdiction over Corrado's state law claim after Corrado invoked this federal forum but then voluntarily dismissed the federal claim that formed the basis of the Court's subject matter jurisdiction. Under these circumstances, district courts in the Ninth Circuit have

consistently recognized that they lack the authority to exercise supplemental jurisdiction if the plaintiff has invoked the federal forum but then voluntarily dismissed her federal claims. *See, e.g.*, *Doyle's Carolina 7, LLC v. Thurber*, No. CIV. 08-1507-AC, 2011 WL 1637416, at *6 (D. Or. Mar. 7, 2011) (recommending that the district judge dismiss the plaintiff's claim for lack of subject matter jurisdiction because the "[p]laintiff's [a]mended [c]omplaint does not assert any federal claims, and there is no diversity jurisdiction," and noting that "[w]hen a plaintiff files a suit in federal court based upon federal question jurisdiction and then amends his complaint to remove those federal claims, he has essentially 'amended away' subject matter jurisdiction"), *report and recommendation adopted in part by Doyle's Carolina 7, LLC v. Thurber*, No. CV 08-1507-AC, 2011 WL 1630332 (D. Or. Apr. 29, 2011) (finding that "new information provided regarding diversity" gave the court "subject matter jurisdiction based on diversity"); *Carson v. Jackson Cnty.*, No. CV 08-3077PA, 2009 WL 1393617, at *1 (D. Or. May 15, 2009) (adopting U.S. Magistrate Judge Mark Clarke's recommendation to dismiss plaintiff's state law negligence claim for lack of supplemental jurisdiction after plaintiff voluntarily dismissed his federal claim); *see also Nickerson v. Wells Fargo Bank*, No. C-10-01889 EDL, 2010 WL 3990743, at *2 (N.D. Cal. Oct. 12, 2010) (dismissing the plaintiff's amended complaint for lack of subject matter jurisdiction "[b]ecause only state law claims remain in [p]laintiff's amended complaint, [and] there is no basis for supplemental jurisdiction over the remaining state law claims"); *Robinson v. Bank of Am., NA*, No. C 10-0050, 2010 WL 1729317, at *1 (N.D. Cal. Apr. 27, 2010) ("When a plaintiff seeking to invoke a federal forum voluntarily dismisses claims forming the basis of federal jurisdiction, the court must determine its jurisdiction based on the amended complaint [and w]here, as here, the amended complaint fails to state any basis for federal jurisdiction, the court must dismiss the case.") (citation omitted); *Martinez v. GMAC Mortg.*, No. C 09-5577

VRW, 2010 WL 1293727, at *1 (N.D. Cal. Mar. 31, 2010) (dismissing the plaintiff's amended complaint because the plaintiff asserted only state law claims and "[w]here, as here, the amended complaint fails to state any basis for federal jurisdiction, the court must dismiss the case") (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 50 (7th Cir. 1995)).

The Court acknowledges the time and expense the parties have invested to litigate this case in federal court, and that it would be more efficient to resolve the case in this forum. If the Court had the authority to exercise supplemental jurisdiction under the circumstances present here, it would do so. However, as U.S. Magistrate Judge John V. Acosta recognized in *Doyle's Carolina 7*, where a plaintiff files a case in federal court but then voluntarily dismisses the federal claim in an amended pleading, the Court "has no power under either § 1367 or Article III of the Constitution to adjudicate any claims in the lawsuit." *Doyle's Carolina 7*, 2011 WL 1637416, at *6 (distinguishing cases where the defendant removes the case to federal court and the plaintiff later dismisses the federal claim, and noting that "[s]everal other circuits, and a district court within the Ninth Circuit, have concluded that the district court does not have original jurisdiction, on which supplemental jurisdiction must rely, if an amended complaint lacks original jurisdiction" (citing *Robinson v. Bank of N.Y. Mellon*, No. 10-1829-PHX-FJM, 2011 WL 13532 (D. Ariz. Jan. 4, 2011); *Wellness Cmty.*, 70 F.3d 46; *Semulka v. Moschell*, 401 F. App'x 628 (3d Cir. 2010); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504 (5th Cir. 1985); and *Connectu LLC v. Zuckerburg*, 522 F.3d 82 (1st Cir. 2008)). U.S. Magistrate Judge Clarke similarly distinguished removed cases, and recognized that "[w]here plaintiff voluntarily drops a claim which conferred federal question jurisdiction and no diversity jurisdiction is alleged or

PAGE 5 – FINDINGS AND RECOMMENDATION

demonstrated, 'there [is] no federal claim to which these state claims could be 'supplemental.'"[2]

*Carson*, 2009 WL 1393617, at *1 (citing, *inter alia*, *Wellness Cmty.*, 70 F.3d at 50; and 13 Charles A. Wright et al., Federal Practice and Procedure § 3567 (Suppl. 2009)).

For these reasons, the Court concludes that it does not have the authority to exercise supplemental jurisdiction over Corrado's negligence claim, and the district judge should dismiss the case without prejudice to refiling in state court.

### B.    Rance's Counterclaims Against Corrado

The City responded to the Court's Order to Show Cause via email, stating that the Court may have subject matter jurisdiction over this case in light of Rance's pending counterclaims against Corrado. (Th. Party Compl. at 4.) However, although Rance labeled his counterclaims as "14th Amendment Violations," he clearly pleaded only state law battery and assault claims against Corrado:

> "1. Assault. [Corrado] physically attacked [Rance], by jumping onto [Rance] and chok[ing] him. [Corrado's] attack was done intentionally and for the purpose of making [Rance] fear for his physical safety and anticipate physical injuries to [Rance]. 2. Battery. [Corrado's] attack was unwanted, unpermitted, harmful, offensive, unlawful, and done intentionally for the purpose of causing physical injuries to [Rance.]"

(*Id*.) Even liberally construing the counterclaims to allege a federal constitutional claim in light of Rance's self-represented status, he could not state a federal constitutional claim against Corrado because she is not a state actor. *See Lee v. Katz*, 276 F.3d 550, 553-54 (9th Cir. 2002) ("The plaintiffs bear the burden of establishing by a preponderance of the evidence that the

---

[2] If the Court does not *sua sponte* dismiss the case for lack of subject matter jurisdiction, any party dissatisfied with the outcome of the case could appeal and argue the Court lacked subject matter jurisdiction. *See Herklotz v. Parkinson*, 848 F.3d 894, 897 (9th Cir. 2017) ("Federal courts are courts of limited jurisdiction, and parties may not expand that jurisdiction by waiver or consent. Thus, challenges to subject matter jurisdiction may be raised at any point, including for the first time on appeal.") (citations omitted).

[defendant] is a State actor for Fourteenth Amendment purposes."); *see also Howard v. Am. Online Inc.*, 208 F.3d 741, 754 (9th Cir. 2000) ("We conclude that Plaintiffs did not sufficiently plead constitutional claims against AOL [because AOL is not a state actor]; thus, these claims cannot support federal jurisdiction over the request for declaratory and injunctive relief."). Accordingly, Rance's counterclaims do not confer federal subject matter jurisdiction on this Court.

## CONCLUSION

For the reasons stated, the Court recommends that the district judge DENY Corrado's motion to continue the Court's supplemental jurisdiction (ECF No. 97), and DISMISS this case for lack of federal subject matter jurisdiction, without prejudice to refiling the dismissed claims in state court within thirty days of the district judge's order of dismissal. *See* 28 U.S.C. § 1367(d) (noting that the statute of limitations for any dismissed state law claim is tolled while the state claim is pending in federal court and for "a period of 30 days after it is dismissed").

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen (14) days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 28th day of December, 2021.

_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge