IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KELLY CORRADO**, | Case No. 3:19-cv-01095-SB |
| Plaintiff, | **ORDER** |
| v. | |
| **CITY OF PORTLAND**, a municipal subdivision of the State of Oregon, | |
| Defendant. | |

**IMMERGUT, District Judge.**

On December 28, 2021, Magistrate Judge Stacie F. Beckerman issued her Findings and Recommendation ("F&R"). ECF 98. The F&R recommends that this Court deny Plaintiff's motion to continue the court's supplemental jurisdiction, ECF 97, and dismiss this case for lack of federal subject matter jurisdiction, without prejudice to refiling in state court. ECF 98 at 7. No party filed objections.

**STANDARDS**

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de

PAGE 1 – ORDER

novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). A federal court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Indeed, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

Kelly Corrado initially filed suit in federal court on July 16, 2019, alleging federal constitutional and state law claims against the City of Portland ("City") and John Doe Officers 1 and 2 of the Portland Police Bureau, after she was assaulted by Jonathan Rance on July 25, 2017. ECF 1.[1] On October 10, 2019, the City filed a third-party complaint against Rance, ECF 13, and in response, Rance asserted counterclaims against the City and Plaintiff, ECF 21. On March 25, 2020, this Court dismissed Rance's counterclaims against the City. ECF 45. On November 12,

---

[1] Both the initial Complaint and Amended Complaint include Andrew Corrado as a plaintiff. *See* ECF 1; ECF 54. Andrew Corrado is not included as a plaintiff in the Second Amended Complaint, the operative complaint in this matter. *See* ECF 74.

2020, Plaintiff filed an Amended Complaint raising federal constitutional and state law claims. ECF 54. On June 17, 2021, Plaintiff, as the sole plaintiff, filed a Second Amended Complaint. ECF 74. In her Second Amended Complaint, Plaintiff alleges only state law claims of negligence and vicarious liability against the City. *Id*. at ¶¶ 36–41. Plaintiff asks this Court to exercise supplemental jurisdiction over the state law claims that remain in this case. ECF 97.

Judge Beckerman properly determined that the district court lacks a basis to exercise jurisdiction over Plaintiff's claims. *See* ECF 98. Judge Beckerman explained that "[i]t is well settled that the Court may exercise supplemental jurisdiction over state law claims," in certain circumstances pursuant to 28 U.S.C. § 1367. *Id*. at 3. However, in the instant case, supplemental jurisdiction does not provide the district court with a basis for jurisdiction because Plaintiff has voluntarily dismissed the federal claims that formed the basis for the court's subject matter jurisdiction and seeks to proceed on a complaint alleging only state law claims. *Id*. at 3–4. "[S]upplemental jurisdiction cannot exist without original jurisdiction." *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *see also* 28 U.S.C. § 1367(a). Because there is no diversity jurisdiction and because the Second Amended Complaint raises only state law claims, there is no basis for this Court to exercise original jurisdiction; thus, this Court cannot exercise supplemental jurisdiction. That prior iterations of the complaint included federal claims is of no moment.[2] *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007) ("[W]hen a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction."). Accordingly, this Court agrees

---

[2] Moreover, the state law claim is not the sort that "implicate[s] significant federal issues," such that the claim itself gives rise to federal question jurisdiction. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005).

with Judge Beckerman's finding that this Court "does not have the authority to exercise supplemental jurisdiction over [Plaintiff's] negligence claim." ECF 98 at 6.

This Court further agrees with Judge Beckerman that Rance's counterclaims against Plaintiff, while styled as "14th Amendment Violations," ECF 21 at ¶ 2, are merely state law claims for battery and assault. ECF 98 at 6. Moreover, Rance could not state a federal constitutional claim against Plaintiff as she is not a state actor. *Id*. Accordingly, this Court agrees with Judge Beckerman that "Rance's counterclaims do not confer federal subject matter jurisdiction on this Court." *Id*. at 7.

This Court acknowledges that parties have invested significant time and expense to litigate this matter in federal court. Nevertheless, this Court must uphold its "independent obligation to ensure that [it] do[es] not exceed the scope of [its] jurisdiction," *Henderson*, 562 U.S. at 434, and its "continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction," *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

## CONCLUSION

No party having filed objections, this Court has reviewed the F&R and accepts Judge Beckerman's conclusions. The F&R, ECF 98, is adopted in full. Plaintiff's motion to continue the district court's supplemental jurisdiction, ECF 97, is DENIED, and this case is DISMISSED without prejudice to refiling the dismissed claims in state court within thirty dates of this Order. *See* 28 U.S.C. § 1367(d).

**IT IS SO ORDERED**.

DATED this 26th day of January, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 4 – ORDER